```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------X
                                                                     :
SANDRA A. WASHINGTON,                                                :
                                                                     :
                        Plaintiff,                                   :
                                                                     :         22-cv-01540 (LJL)
              -v-                                                    :
                                                                     :         MEMORANDUM &
CHASE BANK N.A. et al,                                               :         ORDER
                                                                     :
                        Defendants.                                  :
                                                                     :
---------------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 9/14/2022

LEWIS J. LIMAN, United States District Judge:

    Plaintiff Sandra A. Washington moves the Court for an order requesting the appointment of pro bono counsel. Dkt. No. 16. She notes that defendants have filed a motion for a more definite statement and argues that as a person with a disability and limited access to the relevant statutes and understanding of legal arguments, she need representation. *Id.* She also states that she is unable to afford counsel. *Id.*

    Unlike in criminal cases, there is no requirement in civil cases that courts provide indigent litigants with counsel. *Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986). Instead, a court has "broad discretion" when deciding whether to seek *pro bono* representation for a civil litigant. *Id.* Although a court has no authority to "appoint" counsel, it may instead "request" that an attorney volunteer to represent a litigant. *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 301 (1989). Because courts do not have funds to pay counsel in civil matters, courts must request the services of *pro bono* counsel sparingly, and with reference to public benefit, in order to preserve the "precious commodity" of volunteer-lawyer time. *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172–73 (2d Cir. 1989).

The relevant factors are set forth in *Hodge*, 802 F.2d at 60–62. The Court considers (1) whether plaintiff's position "seems likely to be of substance"; (2) whether the issues presented "might require substantial factual investigation" and "the indigent's ability to investigate the crucial facts"; (3) "the plaintiff's apparent ability to present the case" and "whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder"; (4) whether the "case's factual issues turn on credibility"; (5) whether the legal issues presented are complex; and (6) "any special reason . . . why appointment of counsel would be more likely to lead to a just determination." *Id.*

At this early stage, the Court cannot make a finding that Plaintiff's claims are likely to be of substance, that they might require substantial factual investigation, that the legal issues presented are complex, or that there is any other special reason why appointment of counsel would be more likely to lead to a just determination.  The case is at its incipiency, and it has not yet been tested by a motion to dismiss.  Without prejudging the merits of the motion for a more definite statement, the very cursory discussion of the facts presented in the complaint further prevent the Court from determining that appointment of counsel is appropriate at this state.  *See Eichie v. Kuakazi*, 2022 WL 1517242, at *1 (S.D.N.Y. Apr. 27, 2022) (denying motion for appointment of counsel because of early stage of the case).

The Court sua sponte will give Plaintiff an extension of the time to respond to the motion for a more definite statement at Dkt. No. 14 to September 30, 2022.

The Court further advises the Plaintiff that there is a Pro Se Law Clinic available to assist non-incarcerated people who are unrepresented parties in civil cases.  The Clinic may be able to provide a non-incarcerated pro se party with advice in connection with her case.  The Pro Se Law Clinic is run by a private organization called the New York Legal Assistance Group; it is not part

of, or run by, the Court (and, among other things, therefore cannot accept filings on behalf of the Court, which must still be made by any unrepresented party through the Pro Se Intake Unit). The Clinic is located in the Thurgood Marshall United States Courthouse, 40 Centre Street, New York, NY in Room LL22, which is just inside the Pearl Street entrance. The Clinic is open on weekdays from 10 a.m. to 4 p.m., except on days when the Court is closed. An unrepresented party can make an appointment in person or by calling (212) 659-6190 or (212) 613-5000.

      The Clerk of Court is directed to close Dkt. No. 16.

SO ORDERED.

Dated: September 14, 2022                       _____
      New York, New York                     LEWIS J. LIMAN
                                                            United States District Judge